## Case No. 13,047.

### SMITH v. FLICKENGER et al.

[1 MacA. Pat. Cas. 46; Cranch, Pat. Dec. 116.]

Circuit Court, District of Columbia. March 25, 1843.

PATENTS — INTERFERENCE PROCEEDINGS — POSTPONEMENT OF HEARING—INFORMAL DEPOSITIONS —POWERS OF COMMISSIONER — APPEAL—OBJECTIONS NOT MADE BELOW.

[1. The provision of the fourth of the rules prescribed by the commissioner for the taking of evidence in contested cases, that no evidence shall be considered on the day of the hearing which has not been taken and filed in compliance with such rules, does not prevent the commissioner, previous to the hearing, from looking into depositions which have been informally transmitted, for the purpose of ascertaining the character of the evidence. And, if he is then of opinion that the ends of justice require it, he has authority, on his own motion, to postpone the hearing until the informality may be corrected.]

[2. An objection to the sufficiency of notice of the taking of depositions cannot be insisted upon before the judge, if not made at the hearing before the commissioner.]

[This was an appeal by Benjamin M. Smith from a decision of the commissioner of patents, in an interference proceeding, awarding priority to Daniel Flickenger and Sebastian Krim in respect to an invention of a machine for separating garlic from wheat.]

J. J. Greenough, for appellant.

CRANCH, Chief Judge. Mr. Smith was an applicant for a patent for a machine for separating garlic from wheat. The commissioner being of opinion that it would interfere with a patent already granted to Flickenger and Krim, gave notice thereof to the applicant and patentees, as required by the act of congress of the 4th of July, 1836 (chapter 357, § 8), and assigned the 19th of December, 1842, for hearing the parties upon the question of priority of invention. Upon that day it appeared that the depositions on the part of the applicant, Mr. Smith, were taken and transmitted in due form, according to the regulations which the commissioner of patents had (by virtue of the twelfth section of the act of congress of the 3d of March, 1839) made "in respect to the taking of evidence to be used in contested cases before him." The depositions on the part of the patentees, Flickenger and Krim, were correctly taken, but not transmitted in the form required by these regulations, and therefore, according to the commissioner's fourth rule, could not be considered by him upon the day assigned for hearing touching the matter at issue. But as it appeared to the commissioner that the facts stated in the depositions thus informally transmitted would, but for that informality, clearly show that the applicant was not the first and original inventor, he postponed the hearing to the 27th of February, 1843, of which he gave to Mr. Smith the following notice: "The day of hearing in the matter of interference between your claims and those of Messrs. Flickenger and Krim has been postponed to the 27th of February, 1843, the evidence on their part being informal in the manner of transmission to the commissioner of patents. The case is open for the reception of further evidence taken and transmitted, according to the rules in the enclosed circular." At the hearing on the 27th of February, 1843, the depositions on the part of the patentees, Flickenger and Krim, having been regularly taken and transmitted, they were considered with the other evidence in

the case by the commissioner, who thereupon made the following decision: "This case came up for hearing on the 27th instant; and on examination of the evidence on the part of Messrs. Flickenger and Krim it appears that he invented and constructed a machine for separating garlic from wheat, by passing the grain between elastic rollers, in the year 1835. On the part of Benjamin M. Smith it appears that he first invented a similar machine in the year 1837. The testimony on both sides being duly taken and transmitted to this office, it is hereby decided that Messrs. Flickenger and Krim are the first and original inventors of the said improvement, and as such entitled to their patent."

From this decision Mr. Smith has appealed, and filed his reasons of appeal, with a petition that it may be heard and determined. Those reasons of appeal are:

1st. That the commissioner could not lawfully postpone the hearing of the case from the 19th of December, 1842, to the 27th of February, 1843, on account of anything appearing in the depositions which had been informally transmitted, because, by the fourth of the rules which he had made in respect to the taking of evidence to be used in contested cases before him, he had precluded himself from considering any "evidence, statement, or declaration upon the day of hearing which shall not have been taken and filed in compliance with these rules," unless in the case provided for in that rule, which case is not applicable to these patentees. The applicant contends that it was his right to have the case decided on the 19th of December, 1842, the day assigned for the hearing, upon such legal and competent evidence as was then before the commissioner, who had no authority to postpone the hearing, without the consent of the applicant, upon any ground appearing in the depositions informally transmitted.

2d. The second reason of appeal is "that the appellees did not give a sufficient time for the appearing of the opposite party to cross-examine the witnesses, as required by the rules for taking evidence; and therefore the deposition taken by the appellees on the 23d of February, 1843, is not legal, and should not have been entertained in deciding the case; for the appellant would have been required to travel four hundred miles in five days to appear at the time appointed for taking the evidence, which is obviously impossible."

These are all the reasons of appeal alleged by the appellant, and to these the "revision" is expressly required to be "confined;" and the appellant says, at the close of his first reasons of appeal, that he has foreborne to go into the merits "of the two claims at this time, because he considered his right to a patent under the rules as fully substantiated, and prefers deciding the validity of the former patent before a jury."

The grounds of the commissioner's decision, which he is required by the eleventh section of the act of March 3d, 1839 [5 Stat. 354], fully to set forth in writing, are to be confined to the points involved in the reasons of appeal. As to the first reason of appeal—the postponement of the hearing—he says that "upon examination of the papers, the affidavits clearly showed that Mr. Smith was not the first and original inventor;" that the affidavits to show this were duly taken, but not duly transmitted; that this fact was presented to his consideration by the examiner, and that, having a due regard to the public interest, he postponed the case to a future day, giving both parties the opportunity to procure further testimony if they thought proper, of which he gave notice to Mr. Smith by the letter produced by him with his reasons of appeal; that no motion of the opposite party was filed for postponement, and that he adopted that course to further the ends of justice. As to the second reason of appeal —that sufficient time was not given to Mr. Smith, the appellant, to be present at the taking of the deposition taken on the 23d of February, 1843—the commissioner says that this objection did not arise at the time of trial, and should have then been made, but Mr. Smith was anxious to hasten, rather than postpone, the case for any cause.

The question arising upon the first reason of appeal is whether the commissioner was bound to hear and decide on the merits of the case upon the evidence which was regularly taken and transmitted to him, and which, according to the rules for taking and transmitting evidence, he could, on the 19th of December, 1842, have considered upon the hearing of the matter at issue, or whether he had a right to postpone the hearing to enable the patentees to cure an informality in the transmission of their evidence, if he should deem such a postponement necessary to further the ends of justice, giving, at the same time to both parties an opportunity to procure further testimony. The argument of the appellant rests upon the construction of the fourth of the five rules made by the commissioner "in respect to the taking of evidence to be used in contested cases before him," which rules were made by virtue of the power given him in the twelfth section of the act of March 3d, 1839. The fourth rule is in these words: "4th. That no evidence, statement, or declaration touching the matter at issue shall be considered upon the said day of hearing which shall not have been taken and filed in compliance with these rules: provided, that if either party shall be unable from good and sufficient reasons to procure the testimony of a witness or witnesses within the above-stipulated time, then it shall be the duty of said party to give notice of the same to the commissioner of patents, accompanied with statements of the cause of such inability, which last-mentioned notice to the commissioner shall be received by him ten

days previous to the day of hearing aforesaid, viz., the ——— day of ——— next." It is contended by the counsel for the appellant not only that the commissioner cannot consider the deposition informally transmitted as evidence upon the hearing of the matter at issue, but that he cannot look into it for any purpose, and therefore there was no cause whatever for postponing the hearing; and for that reason the decision of the commissioner upon the merits of the case ought to be reversed. But the prohibition contained in the rule is not to the commissioner's looking into the deposition thus informally transmitted, or to his reading it and ascertaining its contents, but to his considering it on the day of hearing as evidence touching the matter at issue. The commissioner did not consider it upon the day of hearing as evidence touching the matter at issue, and, in that respect, complied with his own rule. The proviso in the fourth rule is applicable only to the case where the party is unable to procure the testimony in sufficient time for the appearance of the opposite party and for the transmission of the evidence to the patent office before the day of hearing, in which case it shall be the duty of said party to give notice of the same to the commissioner of patents; but the rule does not say what the commissioner shall do in consequence of such notice—whether he shall receive the testimony, although taken without reasonable notice, or whether he shall postpone the hearing, so that if the patentees had given such notice to the commissioner he would have still been as much without power to postpone the hearing as he was on the 19th of December, 1842. The notice, therefore, would have availed them nothing. There is nothing in the laws relating to the patent office, or in the rules adopted by the commissioner, to prevent him from postponing the hearing of a cause if, in his opinion, the justice of the case should require it, and especially for the correcting of an irregularity in matter of form. To deny him this power would be to stifle justice in her own forms.

As to the second reason of appeal, viz., that sufficient time was not given to Mr. Smith to be present at the taking of the deposition taken on the 23d day of February, 1843, it is a sufficient answer to say that the objection was not made at the hearing; but it appears also that the notice was served on Mr. Smith personally on the 11th of February, at Massillon, in Stark county, Ohio, to take the deposition of witnesses at Manhime, in York county, in Pennsylvania, on the 23d of February—eleven days—which seems to be a reasonable time, even if the distance was four hundred miles, as suggested in the reasons of appeal.

Upon the whole, therefore, I am of opinion that in this case the alleged reasons of appeal are not sufficient to sustain it, and that the decision of the commissioner of patents as to all points involved in the reasons of appeal must be affirmed.